IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDAL MILLS, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-0769-P-BH |
| | ) | |
| ASCAP, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** for lack of subject-matter jurisdiction.

## I. BACKGROUND

On April 14, 2011, Plaintiff Wendal Mills filed this *pro se* lawsuit against defendant ASCAP alleging breach of contract and negligence. (Compl. at 1 (doc. 2); Civil Cover Sheet (doc. 2); Magistrate Judge's Questionnaire Answer ("MJQ Ans.") 4 (doc. 7).)[1] He claims that ASCAP has failed to pay him royalties due for sales and broadcasts of his songs, performances, and amateur boxing matches. *Id.* He seeks monetary damages but claims that he cannot specify the amount of his damages because ASCAP has not provided him with an accurate statement. (Civil Cover Sheet (doc. 2); MJQ Ans. 4 (doc. 7.).)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit

---

[1] Plaintiff's response to a Magistrate Judge's Questionnaire constitutes an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, although Plaintiff has not expressly asserted a basis for federal jurisdiction over this breach of contract case, his allegations regarding the parties' residences may be liberally construed as asserting diversity of citizenship. (*See* MJQ Ans. 1-3; Civil Cover Sheet (doc. 2.)) Diversity jurisdiction is proper, however, only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Plaintiff has not specified the amount of damages he is seeking in this case. (*See* MJQ Ans. 4.) None of his filings even allege, and it is not facially apparent from them, that the amount in controversy exceeds the jurisdictional limit.

In cases where the plaintiff has alleged an indeterminate amount of damages, the party seeking to invoke federal jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount" at the time the complaint was filed. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If it is not facially apparent from the complaint that the claims exceed the jurisdictional amount, the party may carry its burden through "'summary judgment-type' evidence" *Id.* As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). He could have carried his burden

through his sworn response to the Magistrate Judge's Questionnaire, but failed to do so when he declined to specify the amount of damages he is seeking. (*See* MJQ Ans. 4.) He has therefore not met his burden to establish diversity jurisdiction.

Once a plaintiff is put on notice that a concern exists as to the amount of damages claimed, he is obliged to show a good faith basis for the amount of damages he claims. *See Diefenthal v. C.A.B.*, 681 F.2d 1039, 1053 (5th Cir. 1982). If Plaintiff does not meet his burden to show a good faith basis for damages in excess of the jurisdictional amount within the time for filing objections to these findings, his claims may properly be dismissed for lack of subject-matter jurisdiction. *See id.*

### III. RECOMMENDATION

This case should be **DISMISSED** for lack of subject-matter jurisdiction unless Plaintiff shows a good faith basis for damages in excess of the jurisdictional amount within the time for filing objections to this recommendation.

**SIGNED this 10th day of May, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE