# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| WENDAL MILLS, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-0769-P-BH |
| | ) | |
| ASCAP, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I. BACKGROUND

On April 14, 2011, Plaintiff Wendal Mills filed a *pro se* lawsuit against defendant ASCAP alleging breach of contract and negligence. (Compl. at 1 (doc. 2); Civil Cover Sheet (doc. 2); Magistrate Judge's Questionnaire Answer ("MJQ Ans.") 4 (doc. 7).)[1] He claims that in 1992 and 1996, he signed a membership agreement with the defendant, but that it has failed to pay him royalties due for sales and broadcasts of his songs, performances, and amateur boxing matches. *Id.*[2] Although he seeks monetary damages, he initially claimed he could not specify the amount of his damages. (Civil Cover Sheet (doc. 2); MJQ Ans. 4 (doc. 7.).) On May 10, 2011, it was recommended that Plaintiff's suit be dismissed for lack of subject matter jurisdiction because he had not alleged that the amount in controversy exceeded the jurisdictional limit. (*See* doc. 8). In a barely coherent two-page letter filed on May 31, 2011, he now seeks damages in the amount of $100

---

[1] Plaintiff's response to the questionnaire constitutes an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] This is Plaintiff's fourth suit against this defendant in this district based on its alleged failure to pay him royalties. *See Mills v. ASCAP,* No. 3:03-CV-2714-L (N.D. Tex.) (dismissed for want of prosecution); *Mills v. ASCAP,* No. 3:04-CV-2168-B (N.D. Tex.) (transferred); *Mills v. ASCAP,* No. 3:08-CV-257-G (N.D. Tex.) (dismissed for want of prosecution).

billion for all of the years that he has published songs and for the sales and broadcasts of amateur boxing matches from 1989 to 1995. (*See* doc. 10, p. 1).

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly base-less, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff now seeks $100 billion in damages for alleged sales of his songs and broadcasts of his amateur boxing matches. Courts may look beyond a plaintiff's allegations when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "While a federal court must of course give due credit to

2

the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1053 (5th Cir. 1982). Once a plaintiff is put on notice that a concern exists as to the amount of damages claimed, he or she is obligated to show a good faith basis for the amount of damages claimed. *See Diefenthal*, 681 F.2d at 1053. Plaintiff has not shown a good faith basis for the amount of damages he now seeks.

Furthermore, under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. A complaint lacks an arguable basis in fact if, when the plaintiff is provided the opportunity to present additional facts, the facts alleged are clearly baseless. *Id*. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims for $100 billion in damages lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28. He claims that he is owed this amount for alleged sales and broadcasts of songs written by him or for the sale and broadcast of amateur boxing matches since 1989. He allegedly contacted the Dallas City Council, the Dallas City Manager, the Dallas Police Department, the Dallas County District Attorney, and the Dallas County Sheriff to report efforts by unidentified people to create obstacles and hindrances for him. (MJQ Ans. 4 (doc. 7).) These alleged efforts include the use of technology to watch and physically control him and to cause ASCAP to refuse to pay him. *See Mills v. City of Dallas*, No. 3:11-CV-935-M (N.D. Tex.). Because no one acted upon his reports, he sued the City of Dallas, but that suit was dismissed as frivolous on June 9, 2011. *Id.* Plaintiff's claims in this suit should likewise be dismissed as frivolous.

## III. RECOMMENDATION

This case should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 13th day of June, 2011.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```